# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL No. 6:05cr10-1 |
| | § | |
| KENNARD HARRIS, JR. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 24, 2009, the Court conducted a hearing to consider the United States' petition to revoke the supervised release of Defendant Kennard Harris, Jr. The United States was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Brent Paul Gimble of Tonda Curry & Associates.

Defendant originally pleaded guilty to the offense of Possession with Intent to Distribute and Distribution of Cocaine Base, a Class C felony. The offense carried a statutory maximum imprisonment term of twenty (20) years. The United States Sentencing Guideline range, based on a total offense level of fifteen (15) and a criminal history category of VI, was forty-one (41) to fifty-one (51) months. On November 29, 2005, United States District Judge Michael H. Schneider sentenced Defendant to fifty-one (51) months imprisonment and three (3) years supervised release, subject to the standard conditions of release, plus special conditions which included financial disclosure and substance abuse testing and treatment. On May 1, 2008 an order for reduction of sentence was granted by United States District Judge Michael H. Schneider, reducing Defendant's term of imprisonment from fifty-one (51) to thirty-three (33) months. On May 9, 2008, Defendant completed his term of imprisonment and began the three (3) year term of supervised release.

Under the terms of supervised release, Defendant was 1) prohibited from any unlawful use of a controlled substance and required to submit to one test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the probation officer; 2) required to report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month; 3) required to work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons; and 4) required to reside in the community corrections component of the residential reentry center for a period of 180 days, during which time Defendant was required to observe all rules and regulations of the facility.

In its petition, the government alleges that Defendant violated these conditions by 1) submitting urine specimens which tested positive for cocaine on June 4, 2008 and December 4, 2008; 2) failing to report as instructed to the U.S. Probation Office on July 30, 2008 and December 8, 2008; 3) failing to secure employment since being released from the Bureau of Prisons on May 9, 2008; and 4) consuming an alcoholic beverage in violation of the residential reentry center rules on April 3, 2009, and being unsuccessful discharged from the program as a failure on April 6, 2009.

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of release by possessing cocaine, he will be in violation of Texas Health and Safety Code § 481.115 and be guilty of committing a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is twenty-one (21) to twenty-four (24) months. U.S.S.G. § 7B1.4(a).

Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to report to the U.S. Probation Office as instructed on July 30, 2008, and December 8, 2008; by failing to work regularly at a lawful occupation since commencement of the supervised release term; by using cocaine on or about June 4, 2008, and December 4, 2008; or by failing to observe the rules and regulations of the residential reentry center, Defendant will be guilty of committing a Grade C violation, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is eight (8) to fourteen (14) months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to all the allegations contained in the petition. Further, the parties agreed to recommend a sentence of twenty-one (21) months, with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant Kennard Harris, Jr. be committed to the custody of the Bureau of Prisons for a term of imprisonment of twenty-one (21) months with no supervised release to follow.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 28th day of April, 2009.**

                JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE